# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

HUNTER ERIC AVNET,            :

   Petitioner,               :

vs.                           :      CA 06-0581-KD-C

BEATRICE McLEAN,              :

   Respondent.

## REPORT AND RECOMMENDATION

Hunter Eric Avnet, an individual involuntarily committed to the custody of the respondent for treatment of a mental disorder, has petitioned this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. (*See* Docs. 1 & 8) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Avnet the opportunity to exhaust his state remedies.

## FINDINGS OF FACT

1.    On February 6, 2004, following a hearing at which petitioner was represented by counsel, the Probate Court of Baldwin County, Alabama involuntarily committed Avnet to Searcy Hospital, for a period not to exceed

150 days, for treatment of his mental illness. (Doc. 8, Attachment 3, February 6, 2004 ORDER FOR INPATIENT COMMITMENT, at 1 ("The Court finds from the evidence adduced in open hearing and of record that it is clear, unequivocal and convincing that **HUNTER AVNET** is mentally ill and poses a real and present threat of substantial harm to himself; and that the threat of substantial harm has been evidenced by a recent overt act; that the respondent will, if not treated, continue to suffer mental distress and will continue to experience deterioration of the ability to function independently; and that the respondent is unable to make a rational informed decision as to whether treatment for mental illness would be desirable; and that inpatient commitment to the Alabama Department of Mental Health or its designated facility is the least restrictive alternative necessary and available for the treatment of the person's mental illness."))

2.   Before this initial commitment period expired, Dr. William Kringel, as designee of the Director of Searcy Hospital, petitioned the Baldwin County Probate Court to renew Avnet's inpatient commitment for an additional eight (8) months. (Doc. 8, Attachment 3, June 23, 2004 ORDER RENEWING INPATIENT COMMITMENT) Following a hearing, at which Avnet appeared through counsel, Kelli Etheredge, Esquire, the court granted

the petition and renewed Avnet's commitment to Searcy Hospital for treatment of his mental illness "for a period not to exceed 8 months[.]" (*Id.*) Avnet's inpatient commitment was again renewed on February 7, 2005, on a petition filed by Dr. Kringel, "for treatment of his mental illness for a period not to exceed 10 months[.]" (Doc. 8, Attachment 3, February 7, 2005 ORDER RENEWING INPATIENT COMMITMENT) Thereafter, petitioner's inpatient commitment was renewed on two additional occasions: first, on November 30, 2005 (*id.*, November 30, 2005 ORDER RENEWING INPATIENT COMMITMENT) and, again, on November 15, 2006 (*id.*, November 15, 2006 ORDER RENEWING INPATIENT COMMITMENT).

    3.    The November 15, 2006 renewal of inpatient commitment was signed almost two months after Avnet filed his petition seeking habeas corpus relief in this Court on September 21, 2006. (*Compare id. with* Doc. 1) In his petition, Avnet asserts that he is no longer in need of involuntary commitment because his condition has been stabilized on medication. (Doc. 1, at 8; *see also id.* at 4 & 6)

    4.    In response to the petition, the respondent has supplied the January 22, 2007 affidavit of Avnet's treating psychiatrist at Searcy Hospital, Dr. Michael McManus (Doc. 8, Attachment 1, Affidavit of Michael McManus,

M.D.), same reading, in relevant part, as follows:

> 4. . . . Mr. Avnet is mentally ill, diagnosed with conditions of Mental Disorder, NOS, due to Anoxic Encephalopathy with Delusions and Impulsivity, and Delusional Disorder, Grandiose Type.
>
> 5. He is being treated with Artane, Risperdal, Depakote, and Eskalith.
>
> 6. He was originally committed to Searcy Hospital, and admitted on February 6, 2004, according to his medical history and the probate records received from Baldwin County, Alabama, from where he was initially committed due to having struck a female patient and a female staff member at a group home where he was living. Police were called and Avnet was placed in jail until his commitment hearing.
>
> 7. Mr. Avnet has been subsequently recommitted to Searcy four times, the most recent being November 15, 2006, for a period of six months. He continues to have a fixed delusion that he is an electrician, and he also continues to make sexually inappropriate remarks to females.
>
> 8. It was believed that Mr. Avnet was improving, but, unfortunately, he has recently exhibited several episodes of agitation with associated threats of violence. One episode involved him becoming agitated with another client, who he threatened to hit with a radio. Upon discussing this, Mr. Avnet became further agitated, then later made a statement to a staff member about hitting/jumping another staff member. Fortunately, no actual physical altercation occurred due to measures being taken to prevent their occurrence.
>
> 9. In my professional judgment, I do not believe that Mr. Avnet's clinical condition has improved significantly enough yet for him to be released from Searcy Hospital. Our staff is diligently seeking and the Department of Mental Health

>   is working to locate an appropriate, less restrictive setting that affords Mr. Avnet access to and monitoring of his medications. To date, in my opinion, he remains mentally ill and a danger to others.

(*Id.*)

5.	Following the defendant's answer on January 23, 2007 (Doc. 8), the Court received no response from petitioner (*see* Docket Sheet).

## **CONCLUSIONS OF LAW**

1.	A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).[1] "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119

---

[1] While the respondent, in answering the petition, indicates that Avnet's petition is "actionable as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[,]" (Doc. 8, at 3), the undersigned finds that Avnet has properly pursued this action as a habeas challenge under 28 U.S.C. § 2254. *See Tyars v. Finner*, 709 F.2d 1274, 1279 (9th Cir. 1983) ("The jurisdictional issue, not raised by the State, is a statutory question: whether the expiration of the challenged commitment order deprived the federal habeas court of its power to entertain the petition on account of the 'in custody' requirement of 28 U.S.C. § 2254. The mootness issue is of constitutional dimension: whether the expiration of the commitment order moots what was initially a live, justiciable controversy, and whether there are any collateral consequences or a reasonable probability of repetition sufficient to demonstrate that the case remains justiciable. We have no difficulty on this record concluding that the jurisdictional prerequisite to habeas relief is satisfied and that the case is not moot."); 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a **person** in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis supplied).

S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845, 119 S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

    2.    A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id.* (citation omitted). The

exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id.* (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

    3.    The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*,

749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

      4.      In this case, not only is it clear that Avnet has an adequate state remedy by which to challenge his re-commitment to Searcy Hospital, Ala.Code § 22-52-37(b) ("An appeal from an order of the probate court either granting or denying a petition seeking to commit a person to the custody of the Department of Mental Health and Mental Retardation lies to the circuit court of Tuscaloosa or Mobile Counties for a trial de novo of the case without a jury. Notice of appeal shall be given in writing to the judge of probate within five days of the granting or denying the petition. Upon the filing of a notice of appeal, the person sought to be committed to, **recommitted** to or continued in the custody of the Department of Mental Health and Mental Retardation shall

remain in the custody of said department pending an adjudication of the case in the circuit court. Upon the filing of notice of appeal, the judge of probate shall certify the record to the clerk of the circuit court. The petition shall be set for a hearing by the circuit court within 30 days of the date of filing the notice of appeal. ") (emphasis added), but, as well, he has failed to demonstrate any reason for this Court to excuse his failure to exhaust that remedy. Accordingly, this action should be dismissed to allow Avnet the opportunity to exhaust his state remedies.

## **CONCLUSION**

The Magistrate Judge recommends that Hunter Eric Avnet's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 3rd day of July, 2007.

                        s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE